UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

**TREVIS L. FUNCHES,**

                **Plaintiff,**

**v.**
                                                  **20-CV-1087JLS(Sr)**

**L. TUCKER,**

*et al.*,

                **Defendants.**

_____

## REPORT, RECOMMENDATION & ORDER

By Decision and Order entered August 14, 2020, the Hon. Mae A. D'Agostino, U.S. District Judge for the Northern District of New York, reviewed plaintiff's complaint alleging violations of 42 U.S.C. § 1983 and, *inter alia*, transferred claims arising out of plaintiff's confinement at Five Points Correctional Facility to the Western District of New York. Dkt. #8. In that Order, plaintiff was advised by the Court that he was "required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address" and that "his failure to do so may result in the dismissal of this action." Dkt. #8.

In it's Notice of Civil Case Opening mailed to plaintiff on August 14, 2020, the Clerk of the Court informed plaintiff that it was his "responsibility to keep this office informed of any change of address . . . in writing" and that his "case may be dismissed if the Court does not have your current address." Plaintiff informed the Court of a change of address on January 29, 2021 (Dkt. #14), and August 22, 2022. Dkt. #18.

By Decision and Order entered May 30, 2023, the Court reviewed plaintiff's second amended complaint and allowed plaintiff's retaliation claim against defendants Smithers, Babcock, Woodward, Tucker, Champagne and Gleason and plaintiff's procedural due process claim against defendant Woodward to proceed. Dkt. #20. Defendants filed an Answer on November 20, 2023. Dkt. #27.

On November 20, 2023, the Hon. John L. Sinatra referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters, Dkt. #28. The referral order was returned as undeliverable on December 1, 2023. Dkt. #30.

An order of preliminary pretrial conference was mailed to plaintiff on November 27, 2023 (Dkt. #29), and returned as undeliverable on December 8, 2023. Dkt. #31.

By letter dated November 28, 2023, the Assistant Attorney General representing defendants advised that she had been informed by Mid-State Correctional Facility that plaintiff was released from the custody of the New York State Department of Corrections and Community Supervision ("NYSDOCCS"), in September of 2023. NYSDOCCS Incarcerated Lookup indicates that plaintiff has been released from custody. *See* https://nysdoccslookup.doccs.ny.gov.

Rule 41(b) of the Federal Rules of Civil Procedure provides that:

If the plaintiff fails to prosecute or to comply with these rules
or a court order, a defendant may move to dismiss the

> action or any claim against it. Unless the dismissal order
> states otherwise, a dismissal under this subdivision . . .
> operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "Although the text of Fed.R.Civ.P. 41(b) expressly addresses only the case in which the defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

The Court of Appeals for the Second Circuit requires district courts to afford *pro se* plaintiffs "special leniency regarding procedural matters" and "has repeatedly detailed factors . . . to be considered before dismissal for failure to comply with a court order." *Id.* "[T]hese factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme." *Id.* (internal quotation omitted). Specifically, a district court contemplating dismissing a plaintiff's case for failure to prosecute must consider: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *LeSane*, 239 F.3d at 209.

Because plaintiff has not provided the Court with his address following his release from custody, the Court "has been effectively prevented from warning him that this action is subject to dismissal for failure to keep the Court apprised of his address." *Manners v. Jone*, 22-CV-6328, 2023 WL 8788865, at *2 (W.D.N.Y. Dec. 19, 2023). However, plaintiff was aware of his obligation to maintain a current address with the Court and the consequences of his failure to do so, as evidenced by prior communications from the Court and plaintiff's provision of an updated address on two occasions. Dkt. #8; Dkt. #14 & Dkt. #18. Plaintiff's last communication with the Court was a letter dated July 19, 2023 - more than five months ago - seeking service of his second amended complaint, which the Court facilitated. Dkt. #23. The United States District Court for the Western District of New York is a heavily congested court with a large backlog of cases and it is not an efficient use of the Court's resources to allow this case to languish on the docket in the hope that plaintiff will reappear in the future. *See McAuley v. City of N.Y.*, 21CV7413, 2022 WL 524135, at *3 (S.D.N.Y. Feb. 22, 2022). Moreover, "no lesser sanction than dismissal would be effective" because plaintiff "would be unaware that any such sanction had been imposed." *Id.* Accordingly, this Court recommends that plaintiff's lawsuit be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See McAuley v. City of N.Y.*, 21CV7413, 2022 WL 524135, at *3 (S.D.N.Y. Feb. 22, 2022) ("a *pro se* prisoner's failure to provide the court with a new mailing address after his release from custody has regularly been held to be an adequate ground for a Rule 41(b) dismissal.").

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with Fed. R. Civ. P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis

for such objection, and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED:   Buffalo, New York
December 21, 2023

<i>s/ H. Kenneth Schroeder, Jr.</i>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**